UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTREL VONIQUE BROWN, a/k/a *Antrel
Voniccue Brown*,

                                        Plaintiff,

                                                                                5:20-CV-919
v.                                                                    (DNH/TWD)

Equal Justice Initiative, Bryan Stevenson,
Charlotte Morrison,

                                        Defendants.
_____

APPEARANCES:

ANTREL VONIQUE BROWN
Plaintiff, *pro se*
Prisoner ID: 367927
Macomb Correctional Facility
34625 26 Mile Road
Lenox Township, Michigan 48048

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

Antrel Vonique Brown ("Plaintiff") filed an action against the Equal Justice Initiative ("EJI"), Bryan Stevenson, and Charlotte Morrison (collectively, "Defendants") alleging Defendants discriminated against him in refusing to provide legal assistance to him. (Dkt. No. 1.) Currently before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP Application"). (Dkt. No. 4.) As noted herein, the Court grants Plaintiff's IFP Application, necessitating further review relative to whether the pleading meets 28 U.S.C. § 1915(e)'s sufficiency standards. For the reasons discussed below, the Court recommends Plaintiff's complaint be dismissed based on improper venue.

**I.      IFP APPLICATION**

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).  After reviewing Plaintiff's IFP Application (Dkt. No. 4), the Court finds he meets this standard.  Therefore, his IFP Application is granted.

**II.     SUFFICIENCY OF THE COMPLAINT**

   **A.     Standard of Review**

28 U.S.C. § 1915(e) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ."  28 U.S.C. § 1915(e)(2)(B)(ii).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation."  *Id*.  In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.

A *pro se* litigant's pleadings are held to a less strict standard than attorney drafted pleadings. *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties."). Because plaintiff is proceeding *pro se*, the Court construes her pleadings "to raise the strongest arguments that they suggest." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). However, this "does not exempt a [*pro se* litigant] from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Moreover, a court should not dismiss a *pro se* complaint "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

B.      **Summary of the Complaint**

According to Plaintiff, Defendants are discriminating against qualified candidates for representation based on race, sex, religion, class, disability, political ideology, and the nature of one's political activities. (Dkt. No. 1 at 4-5.) Plaintiff asserts he reached out to EJI in 2019 to seek assistance. *Id*. at 16. At that time, he claims EJI did not agree to assist him with his claims regarding equal access to the courts. *Id*. at 17-18. According to Plaintiff, he thereafter sent EJI a package of evidence purporting to show how he had been denied meaningful access to the courts at all levels in retaliation for raising issues regarding his medical treatment for HIV/AIDS. *Id*. at

19-21.  However, on July 15, 2020, Defendant Morrison told Plaintiff EJI could not help him.  *Id*. at 29.

Plaintiff claims EJI refused to help him because its "arbitrary, capricious [and] unreasonable selection process [is being used] as a means of purposeful discrimination with the malicious intent [to] expel a qualified candidate based on race, sex, religion, class, disability, HIV/AIDS, political philosophy."  *Id*. at 21-23 (punctuation added).  He states he complained to the Justice Department and news agencies across the nation that EJI was involved in fraud.  *Id*. at 23-24.  According to Plaintiff, he was mocked by "court operators" and "misdirected" in retaliation for his public campaign to expose EJI's racism.  *Id*. at 25-26.

### C.  Discussion

Without commenting on the merits of Plaintiff's complaint, the Court finds this action is improperly venued in the Northern District of New York.  Defendants are not residents of the Northern District and there do not appear to be any factual allegations connecting the action to this District.  *See* 28 U.S.C. § 1391(b).

"Under 28 U.S.C. § 1406, a district court faced with a case brought 'laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'"  28 U.S.C. § 1406(a).  While the Second Circuit has cautioned against *sua sponte* dismissals based on improper venue, it has also recognized such a dismissal is appropriate under certain circumstances.  *See Stich v. Rehnquist*, 982 F.2d 88 (2d Cir. 1992) (per curiam).  In *Stich*, the plaintiff brought his action in the Southern District of New York against, among other defendants, the Justices of the Supreme Court; a former United States Attorney General; and bankruptcy judges in the Ninth Circuit, where he had been classified as a vexatious litigant and had been barred from bringing suits without leave

4

of court. *Id*. at 88. The Second Circuit in *Stich* quoted the District Court's finding that "neither the activities nor the parties alleged in this complaint have any relation to this district" because the plaintiff was domiciled in Nevada and resided in California, while all the defendants were residents of the District of Columbia. *Id*. at 89. Based on these facts, the Second Circuit determined that the "case presented appropriate circumstances for the court's exercise of its power to dismiss," *sua sponte*, based on improper venue." *Id*.

Here, the Court finds the circumstances warrant a *sua sponte* dismissal. There is absolutely no connection to the Northern District. To that end, Plaintiff currently resides in Michigan and, though Defendants' residence is not alleged in the complaint, the Court notes EJI is headquartered in Alabama.[1] Indeed, it even appears Plaintiff mistakenly sent his complaint to this Court as it states it was sent to "the Eastern District of New York" in the affirmation section. (Dkt. No. 1 at 56-57.) Given the nature of the pleadings and the lack of a connection to the Northern District, the Court recommends dismissal is appropriate on venue grounds.

## III.    CONCLUSION

For the reasons stated above, the Court grants Plaintiff's IFP application but recommends Plaintiff's complaint be dismissed because it is inappropriately venued.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 4) is **GRANTED** solely for purposes of initial review; and it is further

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED** for improper venue, and it is further

---

[1] *About EJI*, (last visited Oct. 20, 2020), *available at* https://eji.org/about/.

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[2]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: October 20, 2020
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[2]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).